## Commonwealth v. Bushko

*John W. Murphy*, assistant district attorney, for Commonwealth.

*H. A. Scragg, R. L. Levy* and *S. Rosato*, for defendant.

Lewis, J., September 14, 1936.—John Bushko, defendant, was indicted by the grand jury on a charge of embezzlement growing out of facts, which as stipulated by the district attorney and defendant's counsel, were as follows:

"In answer to request 1 of defendant's petition for a bill of particulars, it is now agreed that defendant, John Bushko, was elected to the office of tax collector for the Borough of Old Forge at the November election in the year 1925, and assumed said office on the first Monday of January 1926, and that the term of office for which he was elected as collector of taxes for the Borough of Old Forge expired on the first Monday of January 1930. It is further agreed that on the first Monday of January 1930 the above named defendant was succeeded in the office of tax collector by one Frank Berger, who served as tax collector of the said Borough of Old Forge from the first Monday of January 1930 to the first Monday of January 1934."

Under The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of May 8, 1929, P. L. 1636, the tax collector is also the collector of the taxes for the school district. The indictment alleges that defendant, John Bushko, collected certain taxes on August 30, 1933, and as such collector embezzled such school taxes by failure to pay the same over to the proper authorities. Defendant petitioned for a bill of particulars and obtained the same. After obtaining the bill of particulars, defendant filed a petition upon which he obtained a rule to show

cause why the indictment should not be quashed. The ground for the attack on the indictment was that the term of office of John Bushko as tax collector for the Borough of Old Forge expired on the first Monday of January 1930 and the alleged embezzlement occurred on August 30, 1933. Therefore, at the time the said John Bushko, defendant, received the moneys he was no longer tax collector and consequently is not guilty of the crime of embezzlement as a tax collector. We will now take up the disposition of this question.

The law applicable to the collection of taxes by a tax collector for a school district may be found in the School Code of Pennsylvania, in sections 553 and 559 of the Act of May 18, 1911, P. L. 309, 24 PS §§604, 606. Section 553 reads as follows:

"In all school districts of the second, third, and fourth class in this Commonwealth, every collector of school taxes shall make a written report to the secretary of the board of school directors at the end of every month of the amount of taxes collected by him during the said month, furnishing the names of the taxables from whom the same has been collected. Such tax collector shall at the end of each month pay the full amount of school taxes collected during the month to the school treasurer of the district, and exhibit to the secretary, to be countersigned by him at the time of making such report, the receipt of the school treasurer showing that such amount of taxes as reported has been paid to the school treasurer."

Section 559 reads as follows:

"In every school district of the second, third, or fourth class in this Commonwealth, every collector of school taxes shall proceed to collect the taxes set forth in the duplicates furnished to him, and pay the same over at least once every month, as hereinbefore required, and every such collector of school taxes shall fully account for and pay over to the treasurer of the school district, in which he is appointed or elected, the total amount of school taxes appearing upon the tax duplicate furnished to him, on or

before the first day of June in each year, less such amount as he may be exonerated from by the board of school directors, and also less such an amount of unpaid taxes as is assessed and levied upon real property in said school district upon which there is no personal property out of which such school taxes might have been or could have been collected."

Under section 533, a tax collector must make a written report to the secretary of the board of school directors at the end of every month of the amount of taxes collected by him during the month and he shall pay said amount at the end of each month to the treasurer of the school district.

Under the provisions of section 559, it is the duty of the tax collector: (1) To proceed to collect the taxes set forth on the duplicates furnished to him; (2) pay the same over at least once every month; and (3) fully account for and pay over to the treasurer of the school district the total amount of school taxes appearing upon the tax duplicate on or before the first day of June in each year, less such amount.

By virtue of the said section, when the duplicate is turned over to the tax collector by the school district together with the warrant of the district to collect the taxes for the current year, it is the duty of the tax collector to collect all the taxes contained in the said duplicate, less any exonerations or abatements allowed by the proper authorities who have power to grant such abatements and exonerations. In other words, the tax collector is charged with the full amount of the duplicate and he must collect the same on or before the first day of June of said year. After the first day of June, he ceases to be a collector for the school taxes under his duplicate, as the School Code contains no provision for the appointment of a delinquent tax collector. Upon failure to make full collection of the amount of taxes due under the duplicate after proper deductions for exonerations and abatements, the balance

due on the said duplicate, the tax collector must either pay the same in full or be liable on his official bond to the school district. In other words, whatever fiduciary relationship existed between the school district and the tax collector exists from the date the tax collector qualifies by filing his bond and receives the tax warrant and the duplicate, and the same relationship continues until the first Monday of June. Any taxes the collector collects after the first Monday of June he does not collect as a tax collector for the school district but by virtue of some private arrangement made with the school district, wherein he acts merely as an agent for the school district in collecting the balance of the duplicate. In the case where such tax collector has settled his duplicate in full the balance of the uncollected taxes contained in the duplicate becomes his personal property and he is not accountable to anyone.

In the instant case, upon examination of the indictment, we find that defendant is charged with having collected a certain tax, being the monies of the School District of the Borough of Old Forge, on August 30, 1933, or more than two years after he ceased to be the tax collector, as his term of office expired the first Monday of January 1930. Consequently, any monies that defendant is alleged to have collected he did not receive by virtue of his fiduciary relationship as tax collector, but acting as agent for the school district or as his own personal monies that were due to him after the settlement of his duplicate. Under the circumstances, no conviction can be had under the indictment returned by the grand jury. We have made a thorough examination of the law applicable to this case, but we were unable to find any adjudicated case in the State of Pennsylvania to cover the facts. The case being a case of first impression, we are constrained to hold as follows:

Now, September 14, 1936, the rule heretofore granted to show cause why the indictment returned to the above number and term should not be quashed is made absolute.